UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN CARTER,<br>  plaintiff,<br><br>     v.<br><br>NORMAN PATTIS, et al.,<br>  defendants. | :<br>:<br>:    PRISONER<br>:    CASE NO. 3:12-cv-1159(AVC)<br>:<br>:<br>: |

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Federal Correctional Institution in Fairton, New Jersey, has filed a complaint <u>pro se</u>.  The plaintiff names as defendants Attorney Norman Pattis and the Law Offices of Norman Pattis, LLC.

Pursuant to 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  <u>Id.</u>

In reviewing a <u>pro se</u> complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The caption of the plaintiff's complaint states as follows: "Plaintiff's Civil Complaint by a Person in Federal Custody Pursuant to 28 U.S.C. § 1331(A)." Section 1331 provides, however, that the federal court has jurisdiction to entertain actions arising under the United States Constitution, federal laws or federal treaties. The plaintiff has not identified any federally protected rights that have been violated in this case.

The only claims in the complaint are brought pursuant to state common law tenets concerning negligence and legal malpractice. Thus, the court assumes that the plaintiff is attempting to bring this action pursuant to 28 U.S.C. § 1332, which allows the court to hear cases where jurisdiction is based on diversity of citizenship.

Diversity of citizenship requires that the plaintiff be domiciled in a different state from every defendant. See

<u>Wisconsin Dep't of Corr. v. Schacht</u>, 524 U.S. 381, 388 (1998). For purposes of diversity jurisdiction, a prisoner's domicile is determined by his pre-incarceration domicile. It does not change merely because the prisoner now is housed in a correctional facility in a different state. <u>See</u> <u>Urena v. Wolfson</u>, No. 09-CV-1107(KAM)(LB), 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010). In this circuit, the presumption that a prisoner retains his pre-incarceration domicile may be rebutted. <u>See</u> <u>Fermin v. Moriarty</u>, No. 96 Civ. 3022(MBM), 2003 WL 21787351, at *2 (S.D.N.Y. Aug. 4, 2003).

Prior to his incarceration, the plaintiff was domiciled in Connecticut. He has not alleged any facts to rebut the presumption that he retains his pre-incarceration domicile. Both defendants also are domiciled in Connecticut. As there is no diversity of citizenship, the plaintiff's case cannot be heard in federal court. If the plaintiff can allege facts to rebut the presumption that he retains his pre-incarceration domicile, he may file a motion to reopen along with an amended complaint including that information.

### ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A.

(2) The clerk is directed to enter judgment and close this case.

**SO ORDERED** this 27TH day of September 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
_____
Alfred V. Covello
United States District Judge